IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-01907-RPM

FightTheFence.org, an unincorporated association;
ROB EDWARD; and
MIKE STABLER,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF COMMERCE,

        Defendants.

---

ORDER OF DISMISSAL

---

      This civil action was initiated by a complaint filed on September 15, 2004, seeking relief under the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a)(4)(B) for the failure of the defendants named as Donald Evans, Secretary, United States Department of Commerce, Richard Yamamoto in his official capacity as Director, Department of Commerce Office of Security, and Zelda Chapman Bailey, in her official capacity as Director, National Institute for Standards and Technology, Boulder Laboratories, to comply with a letter from the plaintiff Rob Edward, on behalf of FightTheFence.org., dated February 9, 2004, directed to defendant Bailey, requesting the following information concerning a proposal to construct a perimeter fence around NIST's property in Boulder, Colorado.

1

> For these reasons and in order to assist FightTheFence.org in understanding the NIST's internal decision-making in this matter, FightTheFence.org hereby requests pursuant to the Freedom of Information Act (5 U.S.C. § 522, as amended) (FOIA) all documents (including, but not limited to, internal and external written and electronic correspondences, letters, reports, etc.) available to NIST, its officers, employees or contractors related to NIST's actions with regard to the proposal. Please remit all documents that are responsive to the following descriptions:
>
> 1. Any and all documents relevant to NIST's consideration of and permitting for the proposal.

Also attached as an exhibit to the complaint is a copy of a follow-up letter from plaintiffs' counsel to Michael Allen, Information Security Program Manager, United States Department of Commerce, dated July 19, 2004, referring to interim releases and requesting more specific documents.

After the defendants filed their answer on November 19, 2004, the plaintiffs filed an amended complaint, correctly naming the United States Department of Commerce as the only proper defendant. An answer was filed December 27, 2004.

At a scheduling conference held on April 1, 2005, the Court entered an order directing the filing of a Vaughn Index and setting times for the filing of cross motions for summary judgment. After extensions of time were granted, the defendant filed the Vaughn Index and a motion for summary judgment on May 20, 2005, with the declaration of Michael Allen, describing the searches conducted, the review of documents and the bases for the exemptions claimed as recited in the Vaughn Index.

The plaintiffs filed their response and cross motion for summary judgment on

June 17, 2005, and the parties filed their respective replies.

The record reflects the complexity of the decision-making process in an executive branch agency to fence off its property as a security measure when the effect of that action will be adverse to other interests which the plaintiffs seek to represent.  The defendant's submission also reflects the difficulties involved in responding to FOIA requests when records include information generated and stored electronically.  The declaration of Michael Allen submitted with the defendant's reply brief gives a description of the search techniques that were involved in the submissions made to the plaintiffs and in the creation of the Vaughn Index.  The search was in multiple offices making it time consuming.  Some of the records are classified documents affecting national security.  The search was reasonable, giving the breadth of the plaintiffs' request.

The plaintiffs have made a specific challenge to withholding Document 503 claimed exempt under Section 552(b)(4), a three-page letter from a private contractor submitted in connection with its initial proposal concerning construction of the fence.  The plaintiffs contend that other documents released give detailed information about the type of fencing being considered and the potential costs and an award of a design contract.  Contrary to the plaintiffs' assertion, those releases do not "undercut" the defendant's assertion that the company will suffer commercial injury as a result of the release of its letter.  The declaration of Michael Allen describes the document withheld as revealing financial arrangements which may damage the contractor's competitive position.  The submitter of the information was

notified of the request and the assertion of the exemption is a reflection of the company's position.  The declaration supports the exemption.

The plaintiffs have also objected to the failure to release any documents discussing compliance with NEPA and correspondence with a member of Congress.  The plaintiffs' protestations that they have not received the information they want to have to oppose construction of the fence is not a basis for rejecting the exemptions claimed by the defendant.

The principal contention of the plaintiffs is that the defendant was dilatory and unresponsive to the request and that this Court should enter a declaratory judgment that the defendant has violated the time requirements in FOIA.  It also suggests that if this civil action is now dismissed, the Court should preserve the question of whether the plaintiffs are entitled to their attorney's fees as the prevailing party on the contention that this lawsuit was necessary to cause compliance with FOIA.  That suggestion is rejected.  The plaintiffs are not the prevailing party.

The authorities cited by the plaintiffs in support of their request for declaratory judgment are not applicable in this case.  As the defendant has noted, those cases involve an agency's practice of refusal to comply with the requirements of FOIA.  The District of Columbia Circuit Court of Appeals explained the need for declaratory relief in that situation as contrasted with the release of records after litigation in *Payne Enterprises, Inc., v. United States,* 837 F.2d 486, 490-491 (D.C. Cir. 1988).  This is not a pattern or practice case and it is this Court's finding and conclusion that the defendant has provided proper justification for the exemptions claimed and has

released the documents to which the plaintiffs are entitled.  It is therefore

    ORDERED that this civil action is dismissed.

    DATED: March14th, 2006

                                  BY THE COURT:

                                  s/Richard P. Matsch

                                  _____
                                  Richard P. Matsch, Senior District Judge